*Henry Sherman and wife* v. *Michael Burnham et al.* (†) H. SHERMAN, for complainants; RALPH LOCKWOOD, for defendants. Mrs. S. one of the complainants in this suit, is the yougest daughter of the late Michael Burnham, who died in 1839 possessed of large real and personal estate, part of which was disposed of by his will made in 1835, viz : The estate devised was given to his sons Warren S., Henry, and Charles, and their heirs and in trust, to sell and convert the real estate into personal, as soon after the death of Mrs. B. his widow as they should see fit.   In the interim Mrs. B. "to receive and take to her own use" one third part of the clear yearly nett profits of the same : the remaining two-thirds to be taken and disposed of as. directed with regard to his personal property ; And as to that, the personal estate was given to the Trustees in special trust to accumulate the income thereof (except so much as might be necessary for their maintenance and education) during the minority of the devisees.   The principal share or portion of the sons to be vested in and paid over to them respectively on their attaining 21.   The dividends or interest on the portion of the daughters to be paid to them respectively on their marriage or at 21; the remainder in fee to their issue ; In case of the death of either of the devisees before 21, or without issue before his or her portion vested, the same to go and accrue in equal portions to the surviving devisees &c.   The testator left him surviving his widow Elizabeth Burnham, his sons Charles, Michael, James M. and Thomas, and his daughters Elizabeth, Harriet, Ellen and Anna.   His sons Warren S. and Henry named as Trustees in the will, died in the testator's lifetime; and at his death Charles entered upon and took possession of the estate as sole Executor and Trustee, and continued to act as such until his decease in February 1843; but never rendered any account either as Executor or Trustee; in 1841 Michael sold out all his interest in the estate to

---

* Decided Aug't 24, 1846.

† Heard and decided Jan'y 10th, 1846.

the other devisees. Thomas died the same year under age, intested and without leaving lawful issue. Soon after the death of Charles, Michael entered upon and took possession of the estate, claiming to be trustee, under a deed of appointment by Charles, in the place of Warren S. and Henry; which deed of appointment was not received or accepted by him till after C's death. Mrs. S. the complainant became of age after her marriage (which took place in Sept. 1843,) when she and her husband called upon Michael as Trustee for an account of her estate, which was refused. They also called upon Michael and James, as administrators of Charles, for an account from Charles' estate, which also was refused. In January 1845 Michael having been called upon to fill the vacancies in the trust, appointed his brother James C. Trustee in the place of Charles, in opposition to the wishes of the cestuis que trusts, and without their knowledge or assent, and refused to appoint a third trustee; In March following the bill of complaint in this cause was filed, praying, among other things, for an account, for the removal of Michael and James from the trust, for an injunction against them, and for the appointment of a receiver.

An application was made to the vice chancellor of the first circuit, in open court, and on the 25th June 1845, an order was made with the assent of the co-defendants (who being favorable to the object of the Bill, had consented to let it be taken as confessed against them) granting an injunction restraining the defendants Michael and James from interfering with the trust property, and appointing a receiver to take charge thereof, and to collect and pay over the rents and income to the parties as respectively entitled thereto; reserving the income on the portions which Charles and Thomas would be entitled to if living, and also their interest in the portion to which Michael would be entitled if he had not sold the same, until the further order of the court, &c. On the coming in of their answer, the defendants Michael, James and Elizabeth Burnham the widow of the testator, applied to the vice chancellor to vacate the order for an injunction and receiver; which was opposed by the complainants and the other defendants; after hearing counsel on behalf of the application, without any argument from the other side, the motion to vacate was denied and an order to that effect entered on the 22d day of July 1845; An appeal was taken from both of these orders to the chancellor, and on the third of Dec. following, at the special motion term at Albany, by default of appellants' solicitor, an order was made by chancellor affirming the said orders of the vice chancellor, with costs; At the next special motion term in January 1846, the appellants made an application to the chancellor to open the said default and to vacate the said order of affirmance. The question was fully argued on the merits, by the counsel for the respective parties. The chan-

cellor *held*, that the design of the testator probably was that there should always be three Trustees. It was therefore the duty of Charles, on entering upon the trust to have filled up the vacancies existing in the trust. Warren S. and Henry having died in the lifetime of the testator were never trustees, and consequently no one could properly be said to be appointed in their place. The appointment under which Michael claims not having been received nor acccepted by him till after the death of C. was not valid, inasmuch as it was not a valid exercise of the power under the will. Nor could he, Michael, claim to be trustee under it as *successor* to C. for the power given was to appoint a co-trustee ; that is, a trustee or trustees who should act with him, C. in his lifetime. Michael therefore never was trustee, and has acted as such without authority ; Nor, further, could he act as such, in his capacity, of administrator of Charles' estate, for at the time the will went into operation the Revised Statutes prohibited executors, administrators and assigns of trustees from being trustees. The whole trust therefore devolved upon the court of chancery at the death of Charles, and was now properly in the hands of an officer of the court. The sale by Michael was a sale of his interest under the will, whether present or future, vested or contingent. And by it as well as on the death of Charles and Thomas, the cestuis que trust and their husbands, became absolutely entitled to portions of those estates, and were tenants in common with Mrs. B. and James, and as such entitled to have a receiver appointed to take charge of the estate, until their particular interests should be finally determined—that the rents and income on the portions of Thomas and Charles, and their interest in Michael's portion purchased from him were very properly reserved to abide the further order of this court. That the mixing up of the real and personal estate by Charles as trustee, had so confused and intermingled the rights and interests of the respondents with those of the appellants Mrs. B. and James, that it furnished additional reason for the court to interfere by the appointment of a receiver.

Order denying motion to open default and to set aside the orders of affirmance ; with the taxable costs of opposing said motion to be paid by defendants within twenty days.